HALL ET AL. *vs.* GLOVER.

[APPEAL FROM DECREE IN CHANCERY ON SETTLEMENT OF TRUST ESTATE.]

1. *Trustee; when liable as for devastavit.*—Where a trustee applied the trust funds to the use of an estate of which he was administrator, and afterwards bought cotton of that estate, a portion of which he designed for the trust, but never set apart, and then sold the cotton for Confederate bonds, which he also sold, and made a partial settlement without any reference to these transactions,—*Held*, that on his final settlement he was properly charged with the amount of the trust funds appropriated, with interest, in lawful money.

APPEAL from the Chancery Court of Choctaw. Heard before Hon. A. W. DILLARD.

The opinion states the facts.

JOSHUA MORSE, for appellant.

BROOKS, HARALSON & ROY, and GLOVER & COLEMAN, *contra*, cited 43 Ala. 371; ib. 460; ib. 489; 42 Ala. 656; ib. 410.

B. F. SAFFOLD, J.—The appeal is taken from the final settlement of the appellant's accounts as trustee of Lavinia A. Hart, and the objection is to the refusal of the court to allow him a credit for $600.

From the testimony of the appellant himself, it is shown that he used the funds of the trust estate for the benefit of the estate of Abney, of which he was the administrator. He afterwards sold some cotton belonging to that estate, and became the purchaser. Of this cotton, he considered that six bales were paid for with the trust funds, but he had never set them apart. In 1863 he sold the cotton, including the six bales, to the Confederate government, and received payment in Confederate bonds. Afterwards he sold the bonds, but he never reported any of them as the

property of the trust estate until after his partial settlement made in 1866.

From this statement, we think there is no error in the decree of the court. As the appellee, Glover, has died since the submission of this cause, the judgment of this court will be entered as of the term at which it was submitted for decision.

The decree is affirmed.